IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **State of Missouri; State of Utah; State of North Dakota; State of South Dakota; State of Iowa; State of Idaho; State of Arkansas;** and **American College of Pediatricians**, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| *Plaintiffs*, | ) **Case No. 4:24-cv-00937**<br>)<br>) |
| v. | )<br>) |
| **Xavier Becerra**, in his official capacity as Secretary of the United States Department of Health and Human Services, et. al, | )<br>)<br>)<br>)<br>) |
| *Defendants*. | ) |

## JOINT PROPOSED CASE MANAGEMENT ORDER

In accordance with Fed. R. Civ. P. 26(f) and Local Rule 5.03 Counsel for Plaintiffs and Defendants (collectively, "Parties") conferred and discussed the claims, defenses, discovery, and settlement of this suit prior to jointly executing this proposed scheduling plan. The Parties endeavored to reach agreement where possible. Where the Parties disagree, the proposed scheduling order below sets forth the Plaintiffs' and Defendants' positions:

1. **Assignment of Case to Track 2:** This case is assigned to Track 2. The Parties agree that assignment of this case to Track 2 is appropriate.

2. **Joinder of Parties and Amendment of Pleadings:** The Parties agree that the deadline for joinder of additional parties and amendment of the pleadings should be April 8, 2025.

3. **Discovery:**

**Plaintiffs' Position:**

a. **Discovery Protocol**: Plaintiffs' proposed discovery protocol is attached hereto as Exhibit 1.

b. **Initial Disclosures**: Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made by two weeks after the court enters the scheduling order. The Parties shall seasonably supplement their initial disclosures.

c. **Expert Disclosure**: Each party will designate its expert witnesses, if any, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) no later than June 9, 2025. Each party will produce its expert witnesses for deposition no later than August 8, 2025. Defendants claim that experts are unnecessary in cases brought under the Administrative Procedure Act, but this is not correct. Plaintiffs would seek to use experts to establish the equitable factors for injunctive and declaratory relief or to demonstrate Plaintiffs' facts. Some facts that will be relevant include the science behind gender transitions, the history of gender transitions, and the history of WPATH. Even under the cases Defendants cite, expert testimony is admissible for the purpose of "develop[ing] a background against which it can evaluate the integrity of the agency's analysis." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). For instance, "a reviewing court may consider extra-[administrative]-record evidence where admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and has

2

explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Id.* at 992–93. Because Plaintiffs have argued pretext, expert testimony will be relevant to demonstrating that alleged pretext. Experts may also submit evidence to the court that would help demonstrate whether the administrative record has gaps.

d. **Inadvertent Production**: The production of privileged or work product protected Hardcopy Documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If a Party requests to claw back a document under this provision, the other party must return it (for physical documents) or delete it (for ESI) and destroy any copies within seven days, or the party must challenge the clawback with the Court within the same time period.

e. **Presumptive Discovery Limits**:

   i. <u>Interrogatories</u>: The presumptive limit of 25 interrogatories per party as set forth in Fed. R. Civ. P. 33(a) shall apply in this case.

   ii. <u>Depositions</u>: The presumptive limit of 10 depositions per party as set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) shall apply to this case.

iii. <u>Protective Order and Assertions of Privilege</u>: At this time, the Plaintiffs do not believe they need a protective order. Assertions of privilege, if any, will be made in a privilege log to be produced no later than a month after the date of the production, unless the production is made less than two months before the close of discovery, in which case the privilege log shall be made at the same time as the production.

iv. <u>Discovery Phases</u>: Discovery should be completed in phases. First, Defendant must produce the administrative record by December 6, 2024. After January 30, 2025, Plaintiff may serve discovery to support claims as described above in Part 3.c, including discovery on the basis of pretext or gaps in the record. *Dep't of Commerce v. New York*, 588 U.S. 752, 782 (2019). Defendants then would be free to respond, object, or file appropriate motions with the Court. The Parties may depose and seek other discovery regarding expert witnesses throughout the discovery period. To the extent that this Court declines to allow Plaintiffs discovery beyond the administrative record without filing a motion for supplemental discovery, Plaintiffs should be granted until April 7, 2025 to file such a motion given that administrative records are often quite long.

v. <u>Discovery Subjects</u>: Plaintiff claims that Defendant's Rule is arbitrary and capricious. Complaint pp.100, 105–08. As part of that claim, Plaintiff alleges that Defendant's stated reasons for creating the Rule are pretextual. Complaint ¶¶ 142, 597.

4

Defendant will produce the administrative record no later than November 29, 2024. And after January 30, 2025, Plaintiffs may serve additional discovery to support claims as described above in Part 3.c, including discovery relating to pretext or gaps in the administrative record. *Dep't of Commerce*, 588 U.S. at 782. The Parties may depose and seek other discovery regarding expert witnesses throughout the discovery period. Defendants argue that Plaintiffs should not be granted any discovery in this case, but this is not how the Federal Rules of Civil Procedure work. The Rules allow Plaintiffs to serve discovery, and if Defendants believe that discovery is improper, they can object to discovery requests and, if necessary, request a protective order or file any other appropriate motions. This is the standard procedure for discovery disputes and rightly so. Without this procedure, courts would be required to rule on discovery requests without seeing the actual requests and objections.

vi. <u>Request for Inspection of Physical Property</u>: Any request for an inspection of physical property held by the other party pursuant to Fed. R. Civ. P. 34 shall be made on or before April 8, 2025. Any inspection shall be made within one month after the request for the inspection is made.

vii. <u>Completion of Discovery</u>: All discovery shall end on September 8, 2025, subject to motions to compel or upon showing of good cause or agreement of the Parties. Final supplementation of written discovery responses shall take place no later than

September 8, 2025. Except as agreed to by the Parties, all discovery must be sufficiently served so that responses are due no later than September 8, 2025.

viii. <u>Other Discovery Matters</u>. Any motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), will be filed by September 8, 2025.

ix. <u>Discovery Disputes</u>: Before filing any discovery-related motion, the Parties must meet and confer with each other in an attempt to resolve the dispute, and any discovery-related motion must contain a certification that the Parties have done so. If a Party's opponent will not return calls when the Party attempts to resolve the matter, the Party should put that in its certification with the motion. If the Parties have a discovery emergency, they should come to the Court's informal matters, or schedule a telephone conference.

**<u>Defendants' Position</u>:**

Discovery is not appropriate in this lawsuit, which should be resolved on the basis of the administrative record. This lawsuit presents a challenge to Defendants' Final Rule implementing Section 1557 of the Affordable Care Act. HHS, Final Rule, *Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) (the "Rule"). Plaintiffs wish to take discovery to support their claim under the APA that the Rule is arbitrary and capricious. But "[i]t is well-established that judicial review under the APA is limited to the administrative record that was before the agency when it made its decision." *Voyageurs Nat. Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). "That record, 'not some new record made initially in the

6

reviewing court,' becomes the 'focal point' for judicial review." *Id.* (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). Although "certain exceptions have been carved from the general rule limiting APA review to the administrative record," they "apply only under extraordinary circumstances," where "the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Id.*

Plaintiffs here contend that discovery is warranted because they allege that the Defendants' reasons for promulgating the Rule were pretextual, but they "must make a 'strong showing of bad faith or improper behavior' before [the] court will allow supplementation of the [administrative] record." *McClung v. Paul*, 788 F.3d 822, 827 (8th Cir. 2015). Such a strong showing is required because "[a]gencies are 'entitled to a strong presumption of regularity.'" *Trower v. Blinken*, No. 4:22-CV-77-JAR, 2022 WL 2304041, at *2 (E.D. Mo. June 27, 2022) (quoting *Ouachita Watch League v. Henry*, No. 4:11-cv-425, 2013 WL 11374520, at *1 (E.D. Ark. Sept. 30, 2013)).

Plaintiffs have not made a strong showing, or any showing, of bad faith or improper behavior by Defendants. An assertion that an agency acted based on pretext can be evaluated only in the context of the administrative record, which consists of the materials the agency considered when taking the action. Indeed, even in one of the exceptional cases where the Supreme Court determined that extra-record discovery was warranted, the Supreme Court admonished that it was "premature" for the district court to determine that extra-record discovery was warranted before the administrative record was complete. *Dep't of Commerce v. New York*, 588 U.S. 752, 781 (2019).

Plaintiffs' proposal places the cart before the horse by asking the Court to authorize extensive discovery before Plaintiffs have made any showing to justify such discovery. In Plaintiffs' view, shortly after Defendants produce the administrative

7

record, Plaintiffs should have free reign to take discovery up to the normal limits for civil cases (such as 25 interrogatories and 10 depositions, with no limits on the number of document requests). But "[i]n order to even obtain limited discovery beyond the certified record, a party must make 'a significant showing – variously described as a strong, substantial, or prima facie showing – that it will *find material in the agency's possession indicative of bad faith or an incomplete record.*'" *Trower*, 2022 WL 2304041, at *2 (quoting *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011)). Plaintiffs will not be able to make that significant showing because their allegations of pretext are baseless, but they certainly have not made such a showing yet and could not do so before the administrative record is produced.

Because this is a case in which discovery is presumptively unavailable unless Plaintiffs make a strong showing that exceptional circumstances exist, the Court should not enter a discovery plan or a discovery protocol at this time. Furthermore, this case is exempt from initial disclosures because it is "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i).

The Court should order that Defendants produce the administrative record by December 6, 2024. The Court should set a deadline of April 7, 2025, for Plaintiffs to file motions either to complete the administrative record (*i.e.*, arguing that Defendants failed to produce certain materials that are properly part of the administrative record) or to supplement the administrative record (*i.e.*, arguing that the Court should allow Plaintiffs to obtain and submit evidence going beyond the administrative record). In any motion to supplement the record, Plaintiffs must make the required "strong showing that the specific extra-record material falls within one of the limited exceptions" to the rule that APA review is limited to the administrative record. *Voyageurs*, 381 F.3d at 766. If the Court grants any such motion, the Court

8

can set the appropriate parameters for discovery at that time, but any such discovery should be strictly limited to that authorized by the Court.

In addition, it is impermissible in an APA case to consider "extra-record declarations" of experts to "judg[e] the wisdom of the agency's" action. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014). Expert submissions are permissible only if they are "merely explanatory of the original record" and "contain no new rationalizations of the agency's decision." *Sierra Club v. U.S. Army Corps of Engineers*, 771 F.2d 409, 413 (8th Cir. 1985); *see also City of Kennett, Missouri v. EPA*, No. 1:14-cv-33-SNLJ, 2015 WL 5785831, at *3 (E.D. Mo. Oct. 1, 2015) ("such 'explanatory' testimony is typically supplied by the agency"). Given the sharp limits on expert testimony in APA cases, the Court should require the parties to move for leave before submitting any expert testimony beyond the administrative record, and any such motion must show that the expert testimony is offered "to 'educate the court and to illuminate the administrative record'" and "does not 'substitute the court's judgment for the' agency's." *Id.* (quoting *Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F.2d 347, 357 (8th Cir. 1984)).

4. **Other matters:**

   a. **Mediation**: The Parties do not believe that alternative dispute resolution will be helpful in resolving this case.

   b. **Dispositive Motions**:

   **Plaintiffs' Position:**

   Dispositive motions shall be filed with the clerk on or before October 8, 2025. Any memorandum in opposition to a motion for summary judgment will be filed with the Clerk twenty-eight (28) days after the motion for summary judgment is filed. Any reply brief will be filed

with the Clerk fourteen (14) days after the memorandum in opposition is filed.

**<u>Defendants' Position:</u>**

Plaintiffs shall file a motion for summary judgment on or before October 8, 2025. Defendants shall file a combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment on or before November 5, 2025. Plaintiffs shall file a combined reply in support of their motion for summary judgment and opposition to Defendants' cross-motion for summary judgment on or before December 3, 2025. Defendants shall file a reply in support of their motion for summary judgment on or before December 17, 2025. Scheduling summary judgment briefing on a four-brief cross-motion schedule would be more efficient than briefing simultaneous motions for summary judgment, which would involve six total briefs.

c. **Motions in Limine**: "In an APA case like this one, summary judgment serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." <u>Epp v. Nat. Res. Conservation Serv.</u>, 425 F. Supp. 3d 1142, 1149 (D. Neb. 2019) (quotation omitted). This matter will most likely be resolved at the summary judgment stage, without the need for trial. However, to comply with the Court's orders, the Parties have addressed pretrial and trial matters, which would be relevant only in the unlikely event that a trial occurs. All motions in limine must be filed by two weeks before the first day of trial.

d. **Final Pretrial Conference:** Unless the Court provides otherwise, the final pretrial conference shall be the Thursday before the Monday of trial. The Parties shall argue any motions in limine at that time.

e. **Trial**. The earliest date by which this case is expected to be ready for trial is April 8, 2026.

f. **Estimate of the Length of Trial**. Any trial will be a bench trial. The Parties anticipate the case will require up to 3 days to try, depending on the number of witnesses.

f. **Other Matters for Inclusion in the Joint Proposed Scheduling Plan**. There are no other matters which counsel deem appropriate for inclusion in the Joint Scheduling Plan.

WHEREFORE, the Parties respectfully request that this Court enter this case management order and any other relief that is just and proper.

Respectfully submitted,


*/s/ Maria A. Lanahan*


| | |
|---|---|
| **ANDREW BAILEY**<br>Missouri Attorney General<br><br>**Maria A. Lanahan**, 65956(MO)<br>  *Deputy Solicitor General of Missouri*<br>Office of the Missouri Attorney General<br>815 Olive Street, Suite 200<br>St. Louis, Missouri 63101<br>Telephone: (314) 340-4978<br>Facsimile: (573) 751-0774<br>Maria.Lanahan@ago.mo.gov | **Julie Marie Blake**<br>97891(VA), Mo. Bar. No. 69643<br>**Alliance Defending Freedom**<br>44180 Riverside Parkway<br>Lansdowne, Virginia 20176<br>Telephone: (571) 707-4655<br>Facsimile: (571) 707-4790<br>jblake@ADFlegal.org<br><br>**Matthew S. Bowman**<br>993261DC<br>**Alliance Defending Freedom** |

*Counsel for Plaintiff State of Missouri*

**SEAN D. REYES**
Utah Attorney General

Joseph Scott St. John (LSB 36682)*
  *Special Assistant Solicitor General*
ST. JOHN LLC
1701 Jefferson Avenue
New Orleans, LA 70115
Telephone: 410-212-3475
scott@stjohnlaw.com

*Counsel for Plaintiff State of Utah*

**BRENNA BIRD**
Iowa Attorney General

Eric H. Wessan (154497IA)
  *Solicitor General*
1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

**MARTY JACKLEY**
South Dakota Attorney General

Clifton Katz
  *Assistant Attorney General*

440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org

*Counsel for Plaintiff American College of Pediatricians*

**TIM GRIFFIN**
Arkansas Attorney General

Nicholas J. Bronni
  *Solicitor General of Arkansas*
Dylan L. Jacobs
  *Deputy Solicitor General*
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Telephone: (501) 682-2007
Nicholas.bronni@arkansasag.gov
Dylan.jacobs@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

**DREW H. WRIGLEY**
North Dakota Attorney General

Philip Axt
  *Solicitor General*
North Dakota Attorney General's Office
600 E. Boulevard Ave., Dept. 125
Bismark, ND 58505
(701) 328-2210
pjaxt@nd.gov

*Counsel for Plaintiff State of North Dakota*

**RAÚL R. LABRADOR**
Idaho Attorney General

Joshua N. Turner
  *Chief of Constitutional Litigation and*

Office of the South Dakota Attorney General
1302 E. Hwy 14
Suite 1
Pierre, SD 57501-8501
(605) 773-3215
Clifton.Katz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

*Policy*
Alan Hurst
  *Solicitor General*
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720
(208) 334-2400
Josh.Turner@ag.idaho.gov
Alan.Hurst@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

 */s/ Jeremy S.B. Newman*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

JEREMY S.B. NEWMAN
1024112(DC)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*